CUDAHY, Circuit Judge.
 

 This is an appeal from a final judgment of the district court dismissing as untimely the debtor’s appeal from an order and judgment of the bankruptcy court. The issues presented for review are whether the notice of appeal to the district court was untimely, and whether the bankruptcy court lacked subject matter jurisdiction of the case at the time of entry of the default judgment.
 

 I
 

 The nature of the issues presented for review requires a detailed statement of the procedural history of the case.
 

 On February 14, 1980, creditors-appellees filed a joint petition for involuntary relief against Leo and Jane Busick pursuant to Chapter 7 of the Bankruptcy Code. Summons was issued on February 20, 1980, requiring an answer to be filed on or before March 11,1980. No answer was filed on or before that date. On March 12, 1980, the bankruptcy court entered an order for relief by default. On March 13, 1980, the court received answers from appellant, Jane Bu-sick, and her husband Leo. The answers were returned unfiled on March 14, 1980.
 

 On March 19, 1980, the Busicks filed a “Motion to Reconsider Adjudication,” claiming that mistake, surprise, or excusable neglect warranted reconsideration on the merits. Specifically, the Busicks’ attorney, one
 
 *923
 
 Larry Busick,
 
 [1]
 
 claimed that he had not noticed the March 11 date in the summons, and that he had calculated the statutory 20-day time period in which to file a response from February 25, 1980, the date on which service by certified mail was effected. He also claimed that his heavy workload precluded preparation of responses at an earlier date. It was asserted that appellant had a meritorious defense to involuntary bankruptcy in that no debtor-creditor relationship existed between her and the petitioning creditors. The Busicks requested that the order of March 12 be set aside, and that they be permitted to file responsive pleadings.
 

 A hearing on the motion to reconsider was held. In an order dated May 19, 1980, the bankruptcy court denied the motion as to Leo Busick, and continued hearing on the motion as to appellant to May 20, 1980. In an order dated June 5, 1980, the court ordered briefing on the motion.
 

 On June 26,1980, creditors-appellees filed a petition to amend the joint involuntary petition on the ground that the Administrative Office of the United States Courts had indicated that only joint voluntary petitions may be filed under 11 U.S.C. § 302(a). Ap-pellees sought leave to file individual involuntary petitions against Jane and Leo Bu-sick relating back to the original filing date. In an order dated June 27, 1980, leave to do so was granted. On July 2, 1980, the amended petitions were filed; a new docket number was assigned in appellant’s case, and a separate filing fee was paid.
 

 In an order dated August 5, 1980, disposing of the motion of March 19, 1980, the court stated that appellant’s response clearly was not timely filed; the court noted, however, that it had given appellant an opportunity at a hearing to demonstrate that she was prejudiced by entry of the default judgment
 
 (i.e.,
 
 that she had a meritorious defense to involuntary bankruptcy).
 

 In the order of August 5, the court proceeded to analyze the merits of appellant’s defense that no debtor-creditor relationship existed between her and the petitioning creditors. The court made the following findings of fact: (1) Leo Busick was engaged in the businesses of building homes, selling and installing swimming pools, and managing rental properties; (2) Jane Bu-sick was not involved in Leo Busick’s business affairs; (3) most of the Busicks’ real property was owned in tenancy by the entirety; (4) the contracts for services and materials out of which the creditors’ claims arose were entered into by Leo Busick; (5) there were no express agreements between Jane Busick and the creditors that she would be liable for the amounts due on the contracts; and (6) the materials and services were provided for the real property held by the Busicks as tenants by the entirety. The court concluded that although Leo Busick’s contracts with the creditors were his individual indebtedness, the benefits flowing from the provision of services and materials inured to the real property held by Jane and Leo in tenancy by the entirety. Therefore, Leo was presumed to have had the authority to act for Jane, rendering her liable for the debts.
 
 [2]
 
 In conclusion, the court stated that appellant Jane Busick had presented no meritorious defense to involuntary bankruptcy; the motion to reconsider was denied.
 

 On August 11, 1980, appellant, with newly-retained counsel, filed pursuant to Rule 923 of the Rules of Bankruptcy Procedure a motion to alter or amend the judgment of August 5, 1980, claiming that the court’s finding that Leo Busick acted as agent for
 
 *924
 
 Jane Busick in contracting with the petitioning creditors solely because the benefits inured to real property held in tenancy by the entirety was contrary to the evidence and contrary to Indiana law. Appellant requested vacation of the March 12 order for relief, and judgment in her favor.
 
 [3]
 

 In an order dated December 15, 1980, the bankruptcy court denied the motion to alter or amend the judgment of August 5, 1980 on the ground that appellant’s response to the original petition was not timely filed. The court further denied a motion to stay judgment pending appeal to the district court, noting that the time for filing notice of appeal had passed.
 
 [4]
 

 On December 18, 1980, however, appellant filed a notice of appeal to the district court from the “order and judgment” entered on December 15, “confirming the entry of an Order for Relief against said Debtor and denying said Debtor’s Motion to Reconsider the entry of its Order for Relief and to amend said Order and denying said Debtor’s Motion to Stay such judgment pending appeal.” Appellant asserted that the bankruptcy court erred in applying Pennsylvania law in ruling on whether she had alleged a meritorious defense to involuntary bankruptcy, and raised the issue whether the bankruptcy court had subject matter jurisdiction of the original joint involuntary petition.
 

 On February 6, 1981, the creditors filed a “Motion to Dismiss Appeal.” The district court granted the motion on April 27, 1981, finding that the motions of March 19, 1980 and August 11,1980 were filed pursuant to Bankruptcy Rule 923; that the time for filing notice of appeal from the judgment of March 12,1980 was tolled by the filing of the original Rule 923 motion; that the time for filing notice of appeal from the August 5, 1980 order denying the original Rule 923 motion of March 19, 1980 expired on August 15, 1980; and that the filing of the second Rule 923 motion did not again toll the time for noticing an appeal. The district court concluded that because the notice of appeal filed on December 18, 1980 was not timely, it had no jurisdiction to entertain the appeal.
 

 On May 6, 1981, appellant filed in district court a “Petition for Rehearing and to Alter or Amend Judgment,” asserting that the district court erred in viewing the March 19, 1980 motion as a Rule 923 motion. Appellant argued that though designated a motion to reconsider, the March 19 motion was clearly a motion to set aside a default judgment pursuant to Bankruptcy Rules 755 and 924, and that a timely appeal was taken from the bankruptcy court’s order disposing of the original Rule 923 motion to alter or amend the judgment of August 5, 1980. Appellant also argued that the bankruptcy court lacked subject matter jurisdiction of the case at the time of entry of the default judgment. The district court denied this motion on May 12,1981. Notice of appeal to this court from the district court’s judgment and order of April 27, 1981, dismissing the appeal to the district court, and from the order of May 12, 1981, denying the motion to alter or amend that judgment, was filed on June 10, 1981.
 

 II
 

 Appellant’s argument that the district court erred in granting appellees’ motion to dismiss the appeal may be summarized as follows: On March 19, 1980, appellant moved, pursuant to Bankruptcy Rules 755 and 924, to set aside the order for- relief by default; the bankruptcy court’s order of August 5, 1980 in response to this motion was a ruling on the merits of the controversy; the default judgment was effectively, though not formally, set aside because by hearing evidence and ruling on the merits,
 
 *925
 
 the prior ruling was substantially modified; because appellant believed the new ruling was contrary to applicable law, an original Rule 923 motion was filed on August 11, 1980; and a timely appeal was taken on December 18, 1980 from the bankruptcy court’s order of December 15, 1980 denying the Rule 923 motion and reinstating the default without addressing the merits of appellant’s claims of error.
 

 Applying the generally accepted rule that nomenclature is not controlling, we conclude that appellant’s motion of March 19, 1980, alleging excusable neglect and a meritorious defense, properly is characterized as a Bankruptcy Rule 755-924 motion. Rule 755(b) provides that “[f]or good cause shown the court may set aside a judgment by default in accordance with Rule 924.” With limited exceptions not applicable here, Rule 924 incorporates Rule 60 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 60(b) provides, in pertinent part, that “[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for ... mistake, inadvertence, surprise, or excusable neglect... . ”
 

 We do not, however, agree with appellant that the order of August 5 was a ruling on the merits of the controversy. The bankruptcy court clearly stated that it was denying the “motion for reconsideration,” which we have agreed was in substance a motion to set aside the default judgment. Under Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure, appellant was required to make a showing of good cause for setting aside the default judgment. Rule 60(b) has been judicially interpreted to require a showing that (1) good cause existed for the default, (2) swift action was taken to correct it, and (3) a meritorious defense to the complaint exists.
 
 See, e.g., Breuer Elec. Mfg. Co. v. Toronado Systems of America,
 
 687 F.2d 182, 185 (7th Cir.1982). What appellant terms “a ruling on the merits” was in fact a ruling that appellant had not shown good cause for setting aside the default judgment. The bankruptcy court entertained and denied the motion, leaving undisturbed the March 12 order for relief.
 

 A Rule 60(b) motion does not affect the finality of the judgment or suspend its operation. Thus, the ten-day time period within which to file notice of appeal from the March 12, 1980 order for relief was not tolled by the filing of this motion. Conversely, a timely motion filed pursuant to Bankruptcy Rule 923, which incorporates Rule 59 of the Federal Rules of Civil Procedure, will suspend operation of the judgment; any appeal must be filed within ten days of the date of the order ’disposing of such motion.
 

 Appellant properly and timely filed a Rule 59(e) motion to challenge the Rule 60(b) ruling.
 
 Inryco, Inc. v. Metropolitan Eng. Co.,
 
 708 F.2d 1225, 1232 (7th Cir.1983). A Rule 59(e) motion, however, “challenges only the Rule 60(b) judgment, not the validity of the underlying judgment.”
 
 Id.
 
 (citation omitted). It follows that appellant’s timely appeal from the order of December 15, 1980, denying her Rule 59(e) motion, did not present the underlying judgment for review.
 
 Id.
 
 The district court had jurisdiction to entertain only the appeal from the adverse ruling on the motion to set aside the default judgment.
 

 In conclusion, we hold that appellant’s motion of March 19,1980 clearly was a Rule 60(b) motion, and that the district court had jurisdiction to entertain appellant’s timely appeal from the denial of her Rule 59(e) motion to alter or amend the judgment on the Rule 60(b) motion.
 

 The question remains whether the bankruptcy court abused its discretion in refusing to set aside the default judgment. In the interests of judicial economy and expedition of this appeal, we will address this issue.
 

 The bankruptcy court based its default judgment solely upon appellant’s failure to file an answer to the petition by March 11, 1980. The propriety of entry of the default judgment of course is not before us. Rather, we are to review the bankruptcy court’s refusal to set aside the default judgment in accordance with several criteria: (1) whether the moving party acted with reasonable
 
 *926
 
 promptness to cure the defect; (2) whether the default was willful; and (3) whether the moving party alleged a meritorious defense to the action.
 
 Inryco, Inc. v. Metropolitan Eng. Co., supra,
 
 708 F.2d at 1230.
 

 Clearly, appellant acted promptly to cure the defect by filing an answer on March 13, 1980. There is no indication in the record that the default was willful. Finally, appellant’s alleged defense of no debtor-creditor relationship between her and petitioning creditors, if established, would preclude her adjudication as an involuntary bankrupt. In concluding that appellant had presented no meritorious defense to involuntary bankruptcy, the bankruptcy court, bound to apply Indiana law when an issue governed by state law is presented,
 
 Butner v. United States,
 
 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979);
 
 Erie Railroad Co. v. Tompkins,
 
 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938);
 
 Thompson v. Fairbanks,
 
 196 U.S. 516, 25 S.Ct. 306, 49 L.Ed. 577 (1905), instead invoked a Pennsylvania law presumption. If indeed, as appellees argue, Indiana law is identical in substance to Pennsylvania law on the issue of imputed agency, we would note that the Pennsylvania law applied by the bankruptcy court merely established a rebuttable presumption of the non-contracting spouse’s liability for the other’s debts, not liability itself.
 
 Miller v. Bare,
 
 457 F.Supp. 1359 (W.D.Pa.1978). Appellant was given no opportunity to rebut this presumption.
 
 [5]
 

 In sum, we conclude that the bankruptcy court abused its discretion in refusing to set aside the default judgment
 
 [6]
 
 and to allow appellant to pursue the defense of an absence of a debtor-creditor relationship between her and petitioning creditors.
 
 [7]
 
 Accordingly, we remand this case to the district court with instructions that it remand the case to the bankruptcy court. That
 
 *927
 
 court shall allow appellant to file a responsive pleading to the individual involuntary petition filed against her on July 2, 1980.
 

 [1]
 

 . In her “Statement as to Need for Oral Argument,” appellant asserted that Larry Busick has been disbarred and “is himself a debtor under the Bankruptcy Code. Consequently, she has no practical means for recovering the damage caused by such entry of default.... ”
 

 [2]
 

 . In so concluding, the bankruptcy court adopted the “Pennsylvania approach,” which is to presume, with respect to property held in tenancy by the entirety, that either spouse has the power to act for both without specific authority if the benefits of the action pursued inure to both. The court noted the confused state of Indiana law on the subject and that the Indiana approach necessitates detailed factual analysis and “lends itself to manipulation of the facts to reach the ‘desired’ result .... ”
 

 [3]
 

 . Also filed by appellant on August 11, 1980, was a motion for an extension of time to file a notice of appeal. On August 12, 1980, the motion was granted, extending the time to appeal to August 25, 1980. On August 21, 1980, the bankruptcy court granted appellant’s motion to withdraw the application for extension of time to appeal.
 

 [4]
 

 . In an order dated January 16, 1981, transmitting the designated contents of the record to the district court, the bankruptcy court stated that notice of appeal had been timely filed.
 

 [5]
 

 . In denying appellant’s Rule 59(e) motion, which asked the court to reconsider its application of Pennsylvania law, the bankruptcy court merely stated that appellant’s answer to the original petition was not timely filed.
 

 [6]
 

 . Another important consideration militates in favor of our conclusion. This default judgment has penalized an innocent litigant; appellant appears to have no viable avenue for relief other than this appeal because attorney Busick, now disbarred, is himself a debtor under the Bankruptcy Code. A suit against him for malpractice does not appear to be a feasible alternative.
 
 Cf. Inryco, Inc. v. Metropolitan Eng. Co.,
 
 supra, 708 F.2d at 1234-35.
 

 [7]
 

 . Appellant also has argued, rather persuasively, that the bankruptcy court lacked subject matter jurisdiction at the time of entry of the default judgment because she and her husband were adjudicated bankrupts under a joint involuntary petition contrary to the terms of 11 U.S.C. § 303.
 

 Bankruptcy courts are courts of limited jurisdiction, possessing only such powers as are conferred upon them by Congress.
 
 In re Prima Co.,
 
 98 F.2d 952, 956 (7th Cir.1938). At the time the original joint involuntary petition was filed, the United States Bankruptcy Courts had jurisdiction of “all cases commenced under title 11 of the United States Code.” Pub.L. 95-598, Title IV, § 405, 92 Stat. 2686 (Nov. 6, 1978). Several types of cases may be commenced under Title 11 by the filing of a petition with the bankruptcy court; a voluntary case pursuant to 11 U.S.C. § 301; a joint voluntary case pursuant to 11 U.S.C. § 302; and an involuntary case pursuant to 11 U.S.C. § 303. A joint voluntary petition may be filed
 
 by
 
 an individual and such individual’s spouse. An involuntary case may be commenced
 
 only
 
 against a “person,” defined as an individual, a partnership, or a corporation. 11 U.S.C. § 101(30).
 

 Our review of the express language of §§ 301-303 suggests that a joint involuntary case against a husband and wife is impermissible, a position with which the Administrative Office of the United States Courts apparently is in accord. Only a “person” is amenable to adjudication as an involuntary bankrupt; Jane and Leo Busick did not, by marriage, become a “person” within the meaning of 11 U.S.C. § 303(a). Were we to reach the issue, we might well be inclined, in the absence of persuasive authority to the contrary, to characterize the defect in the original joint involuntary petition as jurisdictional rather than as an “insubstantial procedural defect” akin to misjoin-der as appellees would have it. In light of our disposition of the other issues in this case, however, we need not decide whether the default judgment lacked legal force because it was entered in the absence of subject matter jurisdiction.
 

 We note, however, that the default judgment has been vacated; because appellant is to be permitted to respond to the
 
 individual
 
 involuntary petition filed against her, over which the bankruptcy court clearly has subject matter jurisdiction, the judgment to be entered on remand in this case would presumably not be subject to future challenge on this ground.