**Mary L. HUDSON, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

**No. L 83–28.**

United States District Court, N.D. Indiana, Hammond Division.

March 28, 1984.

---

Philip Burchett, Lafayette, Ind., for plaintiff.

R. Lawrence Steele, Jr., U.S. Atty., Christina McKee, Asst. U.S. Atty., Hammond, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This court entered an order granting plaintiff summary judgment on September 22, 1983. Defendant did not appeal this judgment within 60 days as required by Rule 4 of Rules of Appellate Procedure. Nor did defendant file a Motion to Amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Instead, on December 6, 1983, defendant filed a Motion to Modify pursuant to Rule 60 of the Federal Rules of Civil Procedure.

Though defendant filed her motion pursuant to Rule 60, she does not state under which subsection she is proceeding.

In addition to oral argument in open court, the issues here presented have been fully briefed. A brief was filed by the plaintiff on March 1, 1984 and by the defendant Secretary on March 20, 1984.

The court held a hearing on defendant's motion on February 3, 1984. At that time, defendant appeared by counsel and urged that this court should modify its decision because the Secretary believes the court was incorrect in holding that plaintiff's spinal impairment met or equalled the listing of impairment set forth at Section 1.05(C)(1) and (2) of 20 CFR, Subpart P, Appendix 1.

Defendant did not point out any of the criterion set forth in Rule 60(a) or (b) which

would support her Motion to Modify. Instead, she attacked this court's judgment. At oral argument and in her supplemental memorandum filed March 20, 1984, the Secretary devotes much effort to rearguing the merits of her case and stating her disagreements with this court's decision of September 22, 1983. In fact, 14 pages thereof are devoted to that task while five are devoted to the Rule 60 issues.

A careful review of recent authorities in this circuit is in order.

(1) *Planet Corp. v. Sullivan,* 702 F.2d 123 (7th Cir.1983).

In *Planet,* default judgment was entered against defendant. Defendant did not appeal this judgment. Instead, six months later, defendant moved to vacate the default judgment pursuant to Rule 60(b). The district court denied defendant's motion, and no appeal was taken. Six months later, defendant filed another Rule 60(b) motion asserting the same claims as in the previous motion. The district court denied the second motion. On the thirtieth day following the second denial, defendant filed notice of appeal. The Court of Appeals affirmed the district court's dismissal of defendant's motions.

Defendant there was an attorney. He failed to appear at several hearings prior to the entry of the default judgment, and ignored suggestions by the court. Defendant Sullivan, like the defendant Secretary here, did not inform the court as to which subsection of Rule 60 was relied on.

The Court of Appeals stated:

> This court has held that a motion to vacate judgment under Rule 60(b) is addressed to the sound discretion of the district court, and abuse of such discretion must be shown before a denial of such motion will be overturned on Appeal. [citation omitted.] Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances [citations omitted.] *Id.* at 125.

The issue of timeliness was raised, and the court considered whether the filing of a Rule 60(b) motion within one year was timely as a matter of law. The court held that Rule "60(b) does not provide that grounds (1), (2), and (3) may be raised at leisure up to one year. The 'reasonableness' requirement of Rule 60(b) applied to all grounds, the one year limit on the first three grounds enumerated merely specify an outer boundary." *Id.* at 125.

■ The Court of Appeals reiterated the rule that Rule 60(b) provides for relief only in extraordinary circumstances. That rule is still applicable here. The Secretary has shown no extraordinary circumstances which would entitle her to relief from this court's judgment.

(2) *Parisie v. Greer,* 705 F.2d 882 (7th Cir.1983).

Parisie had appealed the denial of his petition for habeas corpus. The Court of Appeals reversed the district court's decision and ordered that the writ issue. The state petitioned for a rehearing *en banc,* contending that the Court of Appeals lacked jurisdiction over Parisie's appeal. A hearing *en banc* was ordered on the question of jurisdiction. The *en banc* court was widely split resulting in seven separate opinions. However, the result of the *en banc* hearing was the vacating of the panel decision and affirmance of the district court's order denying Parisie's petition for writ of habeas corpus.

When Parisie filed his petition for habeas corpus, the state responded with a motion to dismiss or, alternatively, for summary judgment. The district court granted the state summary judgment. Nine days later, Parisie mailed a pleading entitled "Motion for Reconsideration of an Order". Parisie informed the court that he was proceeding under Federal Rules of Civil Procedure, Rule 60. The district court did not rule on that motion. Approximately 36 days later, Parisie filed a memorandum of law similarly titled and reiterated that he was proceeding under Rule 60. The district court de-

nied the motion. Parisie filed notice of appeal 25 days later.

Raised on appeal was the question of whether the motion filed by Parisie was and should be treated as a Rule 59(e) motion, even though not so titled, and despite Parisie's assertion that it was pursuant to Rule 60.

Judge Wood stated the rule that Rule 59 motions must be filed within ten days following the decision, and that extensions are precluded by Rule 60(b). Therefore, Parisie's argument that the motion for extension of time, however titled, would not extend the ten days for filing a Rule 59(e) motion.

Judge Eschbach stated that Parisie's appeal was timely because no entry pursuant to Rule 58 had been entered by the district court. He stated that since time for appeal began when the entry was made, Parisie's time had not expired since his 30 days would not commence until the district court entered judgment per Rule 58.

Judge Swygert wrote that exceptional circumstances may save an appellant's appeal from dismissal for lack of timeliness. He argued that exceptional and unique circumstances militated against the court dismissing Parisie's appeal for not being timely filed. He argued that the lack of an entry pursuant to Rule 58, the rule requiring liberal interpretation and relaxed pleading requirements for *pro se* litigants, the district court's granting of several extensions to the state, and the lack of a ruling on Parisie's motion for extension all combined to create the unique and exceptional circumstances that should excuse Parisie for failing to timely file his appeal.

Other judges argued that their review was limited to the jurisdictional issue raised by the state, while others argued that the court should and could *sua sponte* consider the merits of the case.

Because a majority could not agree on the issues or what ruling to make, the Court of Appeals, per curiam, vacated the panel decision and affirmed the district court's decision.

*Parisie* is factually different from this case. It was a habeas corpus proceeding. This case is a social security disability case. Parisie was proceeding *pro se* while defendant here is and was represented by experienced counsel. Parisie had grounds for arguing that he had timely filed pursuant to Rule 59(e). Defendant here concedes that she did not file a Rule 59(e) motion within ten days following entry of judgment in this case, nor did she file an appeal within 60 days. Parisie only had 30 days to appeal. Therefore, none of the unique or exceptional circumstances that would bring into play the equitable considerations alluded to in the dissenting opinions are present in this case.

(3) *Merit Insurance Company v. Leatherby Insurance Co.*, 714 F.2d 673 (7th Cir. 1983).

*Merit* involved an arbitration award that went against Leatherby. Leatherby challenged the award in court claiming that one of the arbitrators had previously worked for Merit and had not disclosed that fact on his filing with the American Arbitration Association to become an arbitrator. Leatherby claimed that the arbitrator had a conflict of interest and that this conflict worked to Leatherby's disadvantage. The district court confirmed the arbitration award. Six months after the district court entered its order confirming the award, and 18 months after the arbitration board handed down the award, Leatherby filed a Rule 60(b) motion asking the court set aside the award. The district court reconsidered its earlier decision and vacated its order confirming the award. Merit appealed.

At oral argument, the question of timeliness was raised. The court asked Leatherby's counsel "whether he thought it would make a difference in this case if the Rule 60(b) motion had come ten years after the award, with everything else in the case remaining the same. He said it would not." *Id.* at 682. The court stated:

The framers of Rule 60(b) set a higher value on the social interest in the finality of litigation. A motion under Rule 60(b) seeks an extraordinary remedy, [citation omitted], especially where as in this case the motion is based on the catch-all provision of Rule 60(b), Rule 60(b)(6) ('any other reason justifying relief from the operation of the judgment'). *Id.* at 682.

As there had been no showing that there was an "appearance of bias", the court reversed the district court and ordered that the arbitration award be reinstated.

If it be assumed in this case that the Secretary seeks relief under Rule 60(b)(6), she has failed to point to any extraordinary set of facts entitling her to relief.

(4) *Matter of Busick,* 719 F.2d 922 (7th Cir.1983).

This case arose out of a bankruptcy proceeding when default judgment was entered against Busick for filing her answer three days late. Several motions subsequently followed, including a motion pursuant to Bankruptcy Rule 924 which is equivalent to Rule 60(b). The court stated:

Rule 60(b) has been judicially interpreted to require a showing that (1) good cause existed for the default, (2) swift action was taken to correct it, and (3) a meritorious defense to the complaint exists. *Id.* at 925.

The court further stated that a "Rule 60(b) motion does not affect the finality of the judgment or suspend its operation." *Id.*

In *Busick,* the Court of Appeals was determining whether a Rule 59(e) motion to reconsider a denial of a Rule 60(b) motion was timely. The court found that it was; however, the court held that the Rule 59 motion only challenged the Rule 60(b) judgment, not the validity of the underlying judgment. *Id.*

■ Procedurally, this case is factually different from *Busick;* however, *Busick* suggests that defendant here must do more than allege an overworked staff or other office difficulty or inefficiency. Further, *Busick* makes it clear that Rule 60(b) cannot be used to challenge or attack the underlying judgment.

(5) *Peacock v. Board of School Commissioners of Indianapolis,* 721 F.2d 210 (7th Cir.1983). (per curiam).

Plaintiffs sued defendant alleging denial of due process. They brought suit in state court. Defendant removed the suit to federal court and moved to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(1). Judge Noland dismissed the suit because the relief sought conflicted with the order in the desegregation case, and because the suit was an impermissible collateral attack on that order. Plaintiffs did not appeal this dismissal. Instead, they sought leave from Judge Noland to amend their complaint, and four days later sought leave from Judge Dillin to intervene in the desegregation case. Judge Noland denied leave to amend the complaint and Judge Dillin denied leave to intervene. Peacock took no appeal of Judge Dillin's denial. Instead, 28 days later they filed a motion for·reconsideration under Rule 60(b) "arguing that Judge Dillin's refusal to allow intervention was a newly discovered condition of fact justifying relief under Rule 60(b)(2), or generally amounted to grounds for relief from judgment under the catch-all of Rule 60(b)(6)". Judge Noland denied the motion for reconsideration.

The Court of Appeals affirmed Judge Noland's decision.

Though Peacock raised violations of constitutional rights, the court said that the only issue before it was whether the denial of the Rule 60(b) motion was an abuse of discretion. The Rule 60(b) motion did not preserve these issues for appeal. The court went on to restate the rule that

Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances [citation omitted]. A motion to vacate

judgment is addressed to the sound discretion of the district court, and an abuse of discretion must be shown before a denial of such motion will be overturned on appeal [citation omitted]. Appellants have the burden of showing that the denial of their 60(b) motion amounted to an abuse of discretion. *Id.* at 213.

*Peacock* is factually different from this case in that *Peacock* alleged "newly discovered condition of fact" as the basis for their Rule 60(b) motion. No such assertion is made in the present case.

■ The court suggests that *Peacock* had a further problem in that Rule 60(b)(2) is not appropriate unless there has been a trial on the merits. Further, since Rule 60(b)(2) in effect allows a belated attack on a judgment, a stronger showing is required to prevail under 60(b)(2) than under Rule 59. This showing must be done by producing "evidence" in a technical sense rather than just some factual information.

"The evidence must be material, admissible, credible, not merely cumulative or impeaching, and likely to change the outcome upon retrial". *Id.* at 213–214.

Note was taken of the use of Rule 60(b) as an alternative to a timely appeal. The court stated,

Appellants may hope to obtain an appeal of the dismissal by this route, but it is quite clear that a Rule 60(b) motion cannot do service for an appeal. *Id.* at 214.

*Peacock* also sought relief under Rule 60(b)(6). The court stated,

Relief under this residual clause is available when reasons (1) through (5) are inapplicable, and equitable action is appropriate to accomplish justice [citation omitted]. Or, to put it another way, the movant's reasons under 60(b)(6) must justify relief. *Id.*

In part II C of her brief beginning at page 8 the Secretary claims that she is not attempting to use Rule 60(b) as an end run

around the time requirements for appealing this court's decision of September 22, 1983. "Methinks the lady doth protest too much"—Shakespeare, Hamlet, Act III. This court predicts that the Secretary will attempt to use this decision for precisely that purpose.

■ The Secretary has not presented any evidence to show that there exists in this case any extraordinary or unique circumstances or other equitable reasons for this court to vacate its judgment already entered in this case. Defendant merely seeks to relitigate the same issues of fact and law, and seeks to substitute her Rule 60 motion for the appeal she failed to file. Such is not the purpose of Rule 60. *Planet Corp. v. Sullivan, supra; Parisie v. Greer, supra; Merit Insurance Co. v. Leatherby Insurance Co., supra; Matter of Busick, supra; Peacock v. Board of School Commissioners of Indianapolis, supra.* Therefore, defendant's motion to vacate and modify the court's decision finding plaintiff disabled is DISMISSED.

■ In this case the Secretary is asking, in effect, that Rule 60 be used as a device to excuse it from complying with the time requirements for an appeal. The conduct of the Secretary in this record speaks strongly to that point. Such is not the proper or even permissible use of Rule 60. Such will not be permitted here. Rule 60 Motion DENIED. SO ORDERED.