WALLACE, Circuit Judge:
Ryther appeals from the district court’s denial of his application for leave to appeal a bankruptcy court order allowing the sheriff’s office to deliver a deed to Lumber Products, Inc. (Lumber Producto). We dismiss his appeal for lack of jurisdiction.
I
On January 25, 1983, Lumber Products purchased at a sheriff’s sale certain real property owned by Ryther. Pursuant to Oregon Revised Statutes section 23.560 (1983) (amended 1985), Ryther was granted a period of one year from the date of sale to redeem the property from Lumber Products. On January 23, 1984, Ryther gave notice to Lumber Products that he intended to redeem the property on January 25, 1984. Later on January 23, Ryther filed a chapter 11 bankruptcy petition in which he listed the right of redemption as part of his estate.
On March 28, 1984, Lumber Products moved the bankruptcy court for an order allowing the sheriff’s office to deliver a sheriff’s deed for the property to Lumber Products. Ryther had not redeemed the property by this date. On June 11, the bankruptcy court entered an order granting Lumber Products’ motion. Ryther then applied to the district court for leave to appeal the “interlocutory” order of the bankruptcy court. On September 11, the district court denied Ryther’s application for leave to appeal. Ryther then filed a notice of appeal to this court.[1]
Ryther argues that his one-year statutory redemption period under Oregon Revised Statutes section 23.560 (1983) (amended 1985) was automatically and indefinitely stayed under 11 U.S.C. § 362(a) by his filing a petition for bankruptcy prior to the end of the one-year period. Therefore, he argues, the legal title to the property remained in his estate, and the bankruptcy court erred in granting the motion allowing the sheriff to deliver the deed to Lumber Products.
Lumber Products argues that the bankruptcy court correctly ruled that 11 U.S.C. *1414 § 108(b) exclusively controls the extension of post-petition redemption periods. See Johnson v. First National Bank, 719 F.2d 270, 275-78 (8th Cir.1983) (section 362(a) prohibits only certain types of affirmative actions; interpreting section 362(a) to extend indefinitely to statutory redemption period would render section 108(b) superfluous), cert. denied, 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984). Since its motion for delivery of the deed was filed after the 60-day extension provided by section 108(b) had expired, Lumber Products argues that the bankruptcy court properly granted its motion.
II
Before turning to the merits of this question, we must determine whether we have appellate jurisdiction. In the realm of bankruptcy, the district courts have jurisdiction to hear appeals from final bankruptcy orders, and may grant leave to hear appeals from interlocutory orders. 28 U.S.C. § 158(a). We have jurisdiction of appeals from all final orders entered by district courts in appeals from orders of bankruptcy courts. 28 U.S.C. § 158(d). If the order of a bankruptcy court is interlocutory, we have no jurisdiction to hear an appeal from the judgment of the district court. King v. Stanton (In re Stanton), 766 F.2d 1283, 1285 & n. 5 (9th Cir.1985).
When the bankruptcy court entered the order granting Lumber Products’ motion for delivery of the deed, Ryther treated the order as interlocutory and filed an application for leave to appeal. The district court denied the application. Ryther now argues for the first time that the bankruptcy court order was final. He further argues that the district court’s order denying his application for leave to appeal was final and that we therefore have appellate jurisdiction.
Lack of subject matter jurisdiction can be asserted by any party at any time or raised by a court sua sponte. See Csibi v. Fustos, 670 F.2d 134, 136 n. 3 (9th Cir.1982). “[I]t is the duty of federal courts to assure themselves that their jurisdiction is not being exceeded.” Id. Ryther’s argument before us that the order of the bankruptcy court was final does not, however, challenge our jurisdiction; rather, it seeks to establish it. His argument is therefore subject to the rule that “[a]n appellate court will not review an issue not raised nor objected to below unless necessary to prevent manifest injustice.” Komatsu, Ltd. v. States Steamship Co., 674 F.2d 806, 812 (9th Cir.1982) (Komatsu)] see Alexopulos v. Riles, 784 F.2d 1408, 1411 (9th Cir.1986) (Alexopulos) (declining to consider argument, newly presented on appeal, that would allow court to reach merits); Jonas v. United States Small Business Administration (In re Southland Supply, Inc.), 657 F.2d 1076, 1079 (9th Cir.1981) (rule applies to appeals from bankruptcy proceedings). Where a party fails to provide a reason for its failure to raise an issue in the trial court, there is no manifest injustice in refusing to review the issue. Alexopulos, 784 F.2d at 1411; Komatsu, 674 F.2d at 812.
While now arguing that the order of the bankruptcy court was final, Ryther offers no valid reason why he failed to so argue before the district court. Ryther first suggests that the concept of finality in the bankruptcy context has been “fluid.” This explanation, without more, is inadequate. By “fluid,” Ryther may mean that it was uncertain at the time he sought leave to appeal whether the bankruptcy court’s order was final or interlocutory. If so, Ryther’s proper course would have been to file a notice of appeal, which under Bankruptcy Rule 8003(c) would have effectively preserved his rights in either case. See Bankr.R. 8003(c) (where notice of appeal is filed from interlocutory order, district court “shall consider the notice of appeal as a motion for leave to appeal”). The existence of uncertainty, rather than excusing Ryther’s treatment of the order as interlocutory, thus would have provided all the more reason for him to argue that it was final.
Alternatively, Ryther may mean by “fluid” that the order of the bankruptcy court was interlocutory under case law existing at the time he moved for leave to *1415 appeal to the district court, but that it is final under current case law. Ryther’s own brief refutes the first prong of this claim, however, for virtually every case upon which he relies to argue that the bankruptcy court’s order was final was decided from several months to nearly a full year before he moved for leave to appeal the order to the district court.
Ryther also argues that the Bankruptcy Amendments and Federal Judgeship Act of 1984 (Bankruptcy Act), Pub.L. No. 98-353, 98 Stat. 333 (1984) — enacted three weeks after Ryther moved for leave to appeal— drastically altered the district court’s appellate jurisdiction over bankruptcy proceedings. We need not address the broad scope of this assertion. On the specific matter before us, the Bankruptcy Act effected no significant changes. Both before and after passage of the Bankruptcy Act, the district court had jurisdiction over appeals from final bankruptcy orders, and, if it granted leave, over appeals from interlocutory orders. Compare 28 U.S.C. § 158(a) with United States District Court for the District of Oregon, Miscellaneous Order No. 82-159 (Emergency Rule) § (e)(2)(A)(i) (issued following Supreme Court decision in Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982)). In addition, throughout the course of Ryther’s bankruptcy proceeding, bankruptcy law has plainly and consistently required that an appeal of a final order of the bankruptcy court be taken by filing a notice of appeal. Bankr.R. 8001(a); Emergency Rule § (e)(1). We therefore do not see how passage of the Bankruptcy Act can justify Ryther’s failure to argue in the trial court that the bankruptcy court order was final.
Ryther further points out that the district court apparently considered sua sponte whether the order of the bankruptcy court was final or interlocutory. The parties were in fact notified by a letter dated July 11, 1984, that
the time limits set for filing the designation of record and ordering of transcripts [are] stayed until the District Court Judge has decided (1) if the appeal is either from an interlocutory order or judgment and leave will not be granted in which case the appeal will be terminated, or (2) that the appeal is from a final order or judgment or that the Motion for Leave to Appeal will be granted, in which case the parties will be notified of this decision and the resulting appellate time schedule.
But far from justifying Ryther’s failure to argue that the bankruptcy order was final, this letter simply highlights his dereliction: while having reason to believe that the district judge might consider the bankruptcy order final, Ryther adhered to his characterization of the order as interlocutory.
Finally, Ryther cites Bayer v. Nicola (In re Bestmann), 720 F.2d 484 (8th Cir.1983) (Bestmann), where the Eighth Circuit found that the order of the bankruptcy court was final and reversed the district court’s denial of leave to appeal. Id. at 485-87. Bestmann, however, is in one critical respect distinguishable from our case. In Bestmann, the appellant had filed a notice of appeal from the bankruptcy court’s order — thus effectively asserting that the order was final — but the district court, believing the order to be interlocutory, had construed the notice of appeal as an application for leave to appeal. Id. at 485; cf. Bankr.R. 8003(c). Nothing in Bestmann persuades us that we should consider a party’s claim that a bankruptcy court order is final when the party has consistently treated the order as interlocutory before the district court.
Thus, Ryther has presented no valid reason why he failed to argue in the district court that the bankruptcy order was final. Binding him to his prior characterization of the order as interlocutory, we dismiss his appeal for lack of appellate jurisdiction.
APPEAL DISMISSED.

. Ryther’s chapter 11 proceeding was subsequently converted into a chapter 7 proceeding, and Gordon York, Inc. was appointed trustee of Ryther’s estate. York has been substituted as the real party in interest in this proceeding. For sake of simplicity, we refer to Ryther in this opinion as though he continued to represent his estate.