842 F.2d 1147
 18 Collier Bankr.Cas.2d 821, 17 Bankr.Ct.Dec. 839,
Bankr. L. Rep. P 72,246
 In re George I. BENNY and Alexandra Benny, Husband and Wife,
Debtors.
Alexandra BENNY, Debtor-Appellant,
v.
CHICAGO TITLE INSURANCE COMPANY; John M. England, Trustee, Appellees.
 No. 86-1591.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 15, 1987.
Decided March 28, 1988.
 
 John T. Hansen, San Francisco, Cal., for debtor-appellant.
 Edward A. Weiner, Michael H. Salinsky, and Geraldine A. Freeman, Pillsbury, Madison & Sutro, San Francisco, Cal., for Chicago Title Ins. Co.
 Reidun Stromsheim, Stokes, Welch & Stromsheim, San Francisco, Cal., for John M. England, Trustee.
 Appeal from the United States District Court for the Northern District of California.
 Before CHOY, GOODWIN and BEEZER, Circuit Judges.
 GOODWIN, Circuit Judge:
 
 
 1
 Alexandra Benny appeals the district court's order affirming the bankruptcy court's denial of her motion to dismiss for lack of subject matter jurisdiction. She contends that the bankruptcy court lacked jurisdiction because involuntary joint petitions may not be filed against a husband and wife. She also contends that the bankruptcy judge held office under a constitutionally invalid appointment because no congressionally created office of bankruptcy judge existed in the Northern District of California between June 27, 1984 and July 10, 1984. We affirm.
 
 
 2
 Chicago Title Insurance Company and other petitioning creditors with aggregate claims exceeding $17.6 million filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against Alexandra Benny and her husband, George I. Benny. Thereafter, the Bennys jointly filed a "Motion to Dismiss Involuntary Petition, or, in the Alternative, for Abstention" on the ground that the petitioning creditors did not qualify as such under the Bankruptcy Code and that abstention was in the best interest of the creditors. The bankruptcy court denied the motion. The Bennys filed a response to the petition asserting that Chicago Title did not qualify as a petitioning creditor. After the filing of a motion for judgment on the pleadings, the Bennys jointly amended their response to the petition, adding to the assertions previously made that Chicago Title was estopped by its conduct from joining as a petitioning creditor. The bankruptcy court found that the Bennys admitted that they were not paying their debts as they became due, and on September 10, 1982, the bankruptcy court granted judgment on the pleadings. An order for relief under Chapter 7 of the Bankruptcy Code was entered against the Bennys. Jurisdiction under the joint petition was never questioned. The assumption by all parties that jurisdiction existed did not necessarily establish that jurisdiction did exist.
 
 
 3
 The Bennys next filed in the bankruptcy court a motion for an order dismissing the Chapter 7 case pursuant to 11 U.S.C. Sec. 305 (1982 & Supp. IV 1986), asserting that it would be in the best interest of creditors to permit them to consummate a settlement outside of bankruptcy. The bankruptcy court denied that motion. The Bennys then filed a motion to convert the Chapter 7 case to a reorganization case under Chapter 11 of the Bankruptcy Code. Husbands and wives may jointly petition for relief under Chapter 11. 11 U.S.C. Sec. 302(a) (1982). The case was so converted. See 11 U.S.C. Sec. 706 (1982); 11 U.S.C. Sec. 348 (1982 & Supp. IV 1986).
 
 
 4
 Alexandra Benny attended four meetings with creditors pursuant to 11 U.S.C. Sec. 341 (1982 & Supp. IV 1986) and refused to answer questions on the ground of the Fifth Amendment. Approximately 18 months after commencement of the Chapter 7 case, and more than one year after the Bennys voluntarily converted the Chapter 7 case to a reorganization case under Chapter 11, Alexandra Benny for the first time objected to the joint involuntary petition. She raised the issue at a hearing in support of her objection to the attempt by the Chapter 11 trustee to sell certain real property. By an opinion and order entered by the bankruptcy court, the objection was overruled, and the sale approved. The agreement for the sale of real property was subsequently terminated. Alexandra Benny's motion to dismiss the Chapter 11 case asserting misjoinder was denied by the bankruptcy court.
 
 
 5
 Alexandra Benny's contention that the bankruptcy judge held office under a constitutionally invalid appointment is a stale argument which we previously rejected in Benny v. England (In re Benny), 812 F.2d 1133 (9th Cir.1987). That issue will therefore not be considered here.
 
 
 6
 The argument that the bankruptcy court lacked subject matter jurisdiction is not as frivolous as the constitutional claim. Title 11 U.S.C. Sec. 303(a) (1982 & Supp. IV 1986) governs the commencement of involuntary petitions. Section 303(a) specifically directs that an involuntary petition may be commenced "only against a person [singular] ... that may be a debtor [and not debtors] under the Chapter under which such case is commenced" and does not mention joint cases. (emphasis added). Moreover, only a "person" is amenable to adjudication as an involuntary bankrupt and the Bennys, as a married couple, cannot together constitute a "person" within the purview of 11 U.S.C. Sec. 303(a) (1982 & Supp. IV 1986). See Matter of Busick, 719 F.2d 922, 926 n. 7 (7th Cir.1983).
 
 
 7
 With respect to joint petitions, 11 U.S.C. Sec. 302 (1982) provides that a joint case is commenced by the voluntary filing of a single petition by either an individual or that individual's spouse. Reading sections 302 and 303 together suggests that an involuntary joint petition is not contemplated under the Bankruptcy Code. See 2 Collier on Bankruptcy, p 303.07[a] at 303-19 (15th ed. 1979) ("A joint involuntary case may not be filed against a debtor and spouse."); see also S. Rep. No. 989, 95th Cong., 2d Sess. 32 (1978), reprinted in 1978 U.S. Code Cong. & Ad. News 5787, 5818 ("A joint case is a voluntary bankruptcy case concerning a wife and husband."); H.R.Rep. No. 595, 95th Cong., 1st Sess. 321 (1977), reprinted in 1978 U.S.Code Cong. & Ad. News 5963, 6277 (same).
 
 
 8
 The advisory committee's note to Bankruptcy Rule 1011 supports the conclusion that the bankruptcy court did not have subject matter jurisdiction over Alexandra Benny in the Chapter 7 proceedings. The note states that an objection on the ground that a debtor is not amenable to an involuntary petition goes to subject matter jurisdiction and may be made at any time consistent with Fed.R.Civ.P. 12(h)(3). Furthermore, Rule 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." If matters had rested during the Chapter 7 phase of this case, the bankruptcy court would have been confronted with a jurisdictional defect.
 
 
 9
 Estoppel, waiver or agreement will not endow a federal court with jurisdiction. See American Fire & Casualty Co. v. Finn, 341 U.S. 6, 17-18, 71 S.Ct. 534, 541-42, 95 L.Ed. 702 (1951); Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir.1979). On the other hand, if the facts in the record establish jurisdiction, a court may act judicially upon those facts. See Verzosa v. Merrill Lynch, Pierce, Fenner & Smith, 589 F.2d 974, 977 (9th Cir.1978) (quoting Railway Co. v. Ramsey, 89 U.S. 322, 327 (22 Wall) 22 L.Ed. 823 (1874)). The Bennys' voluntary conversion of the involuntary joint petition to a case under Chapter 11 created a circumstance upon which we may act judicially. See id. The Bennys could file a joint voluntary petition under Chapter 11. When they did so, they supplied the missing element of voluntariness and cured the jurisdictional defect. We conclude that the bankruptcy court, and consequently the district court, did have subject matter jurisdiction at the time of the challenged order.
 
 
 10
 AFFIRMED.