In re Kenneth C. ALLEN, a/k/a Bud Allen, Debtor.

Kenneth C. ALLEN, a/k/a Bud Allen, Appellant,

v.

OLD NATIONAL BANK OF WASHINGTON, Appellee.

In re Judith P. ALLEN, Debtor.

Judith P. ALLEN, Appellant,

v.

OLD NATIONAL BANK OF WASHINGTON, Appellee.

Nos. 88–3957, 88–3958.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 1989.

Decided Feb. 20, 1990.

---

Frederick P. Corbit, Seattle, Wash., for appellants.

Kristine A. Chrey, Seattle, Wash., for appellee.

Before GOODWIN, Chief Judge, and SCHROEDER and BEEZER, Circuit Judges.

PER CURIAM:

Kenneth and Judith Allen collectively appeal denials of their motions to dismiss involuntary bankruptcy petitions filed against them under 11 U.S.C. §§ 701 *et seq.* (1988). The Allens allege that a joint petition was filed against them in violation of 11 U.S.C. § 303(a) (1988). *See Benny v. Chicago Title Ins. Co. (In re Benny),* 842 F.2d 1147, 1148–49 (9th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 806, 102 L.Ed.2d 796 (1989). The bankruptcy court found that the disputed petition was filed against Kenneth Allen individually and not against the Allens jointly. The Allens then appealed to the district court, which affirmed. We dismiss the appeal for want of jurisdiction.

On June 24, 1987, the petitioning creditors, consisting of the Old National Bank of Washington, Sea–Land Industries, Seattle–Tacoma Box Company, and Seattle Refrigeration and Manufacturing Corporation, submitted an involuntary bankruptcy petition to the U.S. Bankruptcy Court naming Kenneth C. Allen and Judith P. Allen jointly as debtors. The bankruptcy court clerk issued a summons against both Kenneth and Judith. Before serving the summons, however, the clerk informed the creditors' attorney that a joint involuntary petition could not be filed against a debtor and his spouse, 11 U.S.C. § 303(a) (1988), and asked counsel against which person the petition should be effective. The attorney designated Kenneth C. Allen and instructed the clerk to cross Judith P. Allen's name off the original petition. The clerk corrected the petition and amended the summons to reflect the change. Consequently, only Kenneth was served.

Three days later, the petitioning creditors filed a separate involuntary petition against Judith P. Allen and a summons was issued and served upon her.

The Allens each filed motions to dismiss the petitions on the ground that the initial filing was void and, therefore, the bankruptcy court lacked subject matter jurisdiction. The bankruptcy court found that the involuntary petition was filed against Kenneth C. Allen only and not against the Allens jointly. The bankruptcy court also found that even if the petition initially was filed jointly it was harmless error to include Judith P. Allen's name in the caption and it was proper for the clerk to dismiss her from the petition. *In re Kenneth C. Allen,* Bankruptcy Court Order No. 87–04906; *In re Judith P. Allen,* Bankruptcy Court Order No. 87–05053.

The Allens timely appealed to the district court [1] claiming that the bankruptcy court committed reversible error. The district court affirmed the bankruptcy court's finding that the involuntary petition was filed

---

**1.** Old National Bank of Washington contends that the Allens improperly appealed to the district court. They claim that since the bankruptcy court's orders were interlocutory, the Allens were required to seek leave to appeal to the district court. Under Bankruptcy Rule 8003(c), however, a timely notice of appeal may substi-

tute for the required motion for leave to appeal. It is within the district court's discretion to grant leave to appeal. Bankr.R. 8003(c) advisory committee's note. *See also Ryther v. Lumber Products, Inc. (In re Ryther),* 799 F.2d 1412, 1414–15 (9th Cir.1986).

only against Kenneth P. Allen. *In re Kenneth C. Allen,* Order No. C88–192D; *In re Judith P. Allen,* Order No. C88–193D. This appeal followed.

Before we may reach the merits, we must determine whether the denial of a motion to dismiss for lack of subject matter jurisdiction based on the allegation of a defective bankruptcy petition is final and appealable to this court. Jurisdiction of an appeal from an order of a bankruptcy court is governed by 28 U.S.C. § 158 (Supp. V 1987). Subsection (a) vests jurisdiction in the district court to hear appeals from "final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, ..." *Id.* § 158(a). Courts of appeal, however, have jurisdiction only over "final decisions, judgments, orders, and decrees entered under subsection [ ](a) ..." *Id.* § 158(d). We do not have jurisdiction over interlocutory orders. *See Pizza of Hawaii, Inc. v. Shakey's Inc. (Matter Pizza of Hawaii, Inc.),* 761 F.2d 1374, 1378 (9th Cir.1985); *Mason v. Integrity Insurance Co., (In re Mason),* 709 F.2d 1313, 1315 (9th Cir.1983).

■ Section 158 has been interpreted to grant jurisdiction to a court of appeals only when both the district and bankruptcy courts' orders are "final." *T.O. King v. Stanton (In re Stanton),* 766 F.2d 1283, 1285 (9th Cir.1985); *Cash Currency Exchange, Inc. v. Shine (Matter of Cash Currency Exchange, Inc.),* 762 F.2d 542, 545–46 (7th Cir.), *cert. denied,* 474 U.S. 904, 106 S.Ct. 233, 88 L.Ed.2d 232 (1985).

■ The dispute in this case focuses on whether the bankruptcy court's order was final.[2] Because an order determining the validity of a petition and denying a motion to dismiss for lack of subject matter jurisdiction does not terminate the bankruptcy

proceedings, it fails the conventional test of finality. *Catlin v. United States,* 324 U.S. 229, 232–33, 65 S.Ct. 631, 633–34, 89 L.Ed. 911 (1945) (Motion to dismiss for lack of subject matter jurisdiction is not a final order. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.")

To determine what is appealable as a final judgment in bankruptcy proceedings, this court has, however, "adopted a test that emphasizes the need for immediate review, rather than whether the order is technically interlocutory ..." *Farber v. 405 N. Bedford Dr. Corp. (In re 405 N. Bedford Dr. Corp.),* 778 F.2d 1374, 1377 (9th Cir.1985), *quoting White v. White (In re White),* 727 F.2d 884, 885 (9th Cir.1984). *See Dunkley v. Rega Properties, Ltd. (In re Rega Properties, Ltd.),* 894 F.2d 1136, 1138 (9th Cir.1990); *see also In re Mason,* 709 F.2d at 1318.[3] Bankruptcy orders that determine and seriously affect substantial rights can cause irreparable harm if the losing party must wait until bankruptcy court proceedings terminate before appealing. *In re Mason,* 709 F.2d at 1316, *citing* R. Levin, *Bankruptcy Appeals,* N.C.L. Rev. 967, 985–86 n. 140 (1980). *See also Turgeon v. Victoria Station, Inc. (In re Victoria Station Inc.),* 840 F.2d 682, 683 (9th Cir.1988); *United States v. Technical Knockout Graphics, Inc. (In re Technical Knockout Graphics, Inc.),* 833 F.2d 797, 801 (9th Cir.1987); *In re 405 N. Bedford Dr. Corp.,* 778 F.2d at 1377. Provided that the challenged order "finally determine[s] the discr[ete] issue to which it is addressed," *Four Seas Center, Ltd. v. Davres, Inc. (In re Four Seas Center, Ltd.),* 754 F.2d 1416, 1418 (9th Cir.1985); *see also Landmark Hotel & Casino, Inc. v. Local Joint Exec. Bd. of Las Vegas*

---

**2.** It is undisputed that the district court's order is final. *See Matter of Pizza of Hawaii, Inc.,* 761 F.2d at 1377–78; *Sambo's Restaurants, Inc. v. Wheeler (In re Sambo's Restaurants, Inc.),* 754 F.2d 811, 813–15 (9th Cir.1985).

**3.** *In re Mason* arose under 28 U.S.C. § 1293(b), which was eliminated by the Bankruptcy

Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 113, 98 Stat. 333, 334. Decisions regarding finality under section 1293 are, however, applicable to cases arising under section 158. *In re 405 N. Bedford Dr. Corp.,* 778 F.2d at 1377; *Teleport Oil Co., Inc. v. Security Pacific National Bank (In re Teleport Oil Co., Inc.),* 759 F.2d 1376, 1377 n. 1 (9th Cir.1985).

*Culinary Workers Union, Local No. 226 (In re Landmark Hotel & Casino, Inc.),* 872 F.2d 857, 860 (9th Cir.1989), bankruptcy court orders that resolve and seriously affect substantive rights require immediate review.

In this case, the bankruptcy court finally determined that an involuntary petition was filed against Kenneth C. Allen on June 24, 1987. This determination, however, does not seriously affect the Allens' substantive rights.

The Allens claim that their rights were affected because the orders of the bankruptcy court allowed a trustee to exercise his or her duties to liquidate and distribute the debtor's assets. Under Chapter 7 of the Bankruptcy Code, however, an interim trustee is not appointed until an order for relief is issued by the bankruptcy court. 11 U.S.C. § 701(a)(1) (1988). The Allens are appealing the bankruptcy court's order verifying the adequacy of the involuntary petition, but they are not appealing the grant of an order for relief against them. *Cf. In re Mason,* 709 F.2d 1313 (motion to vacate order for relief is final and appealable).[4]

The Allens assert that their rights are affected because the filing date influences future bankruptcy proceedings. The filing date of a bankruptcy petition is significant to the proceedings because it may trigger the automatic stay of § 362(a) and because it is the measuring date for lien and preference avoidance periods under § 547(b). An appeal from the court's order that the petition was validly filed, however, is premature. If a debtor's creditors are adversely affected by an automatic stay, they can petition for protection under § 362(d)(1) and a denial by the bankruptcy court is deemed final. *Crocker Nat'l Bank v. American Mariner Indust., Inc. (In re*

*American Mariner Indust., Inc.),* 734 F.2d 426, 428–29 (9th Cir.1984). Likewise, if and when a trustee begins to exercise his or her powers under § 547(b), a debtor can protest.[5]

Because we find that no substantial interference with the Allens' property rights could result from the bankruptcy court's finding that a valid involuntary petition was filed against Kenneth C. Allen as an individual, the bankruptcy's court order is not final and we are without jurisdiction to review it. *Cf. Burchinal v. Central Washington Bank (In re Adams Apple, Inc.),* 829 F.2d 1484, 1487 (9th Cir.1987) (order authorizing lender to contract with debtor to subordinate the claims of other creditors to property of the debtor is final because it disposes of the debtor's property rights).

■ A conclusion that the bankruptcy court's order is not final and appealable to this court does not end all inquiry. We may construe an appeal as a petition for a writ of mandamus. 28 U.S.C. § 1651(a) (1982) ("... all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."); *see Unified Sewerage Agency v. Jelco, Inc.,* 646 F.2d 1339, 1343 (9th Cir.1981) (court can treat appeal as a petition for mandamus sua sponte). We consider five guidelines when determining whether to issue a writ of mandamus:

(1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires.

(2) The petitioner will be damaged or prejudiced in a way not correctable on appeal.

(3) The district court's order is clearly erroneous as a matter of law.

---

**4.** An order for relief is the equivalent of an adjudication under the Bankruptcy Act of 1898. *See* S.Rep. No. 989, 95th Cong., 2d Sess. 31 (1978); H.Rep. No. 595, 95th Cong., 1st Sess. 321 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5817, 6277; *In re Mason,* 709 F.2d at 1315.

**5.** We note that the trustee in this case has sought to void transfers made by Kenneth Allen to his mother Viola Lemke under § 547(b)(4)(B). This action is not the subject of this appeal.

(4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules.

(5) The district court's order raises new and important problems, or issues of law of first impression. *Bauman v. United States District Court*, 557 F.2d 650, 654–55 (9th Cir.1977).

 When a district court's decision is correct as a matter of law, a writ of mandamus should be denied. *Rosenfeld v. United States*, 859 F.2d 717, 723 (9th Cir.1988) (examining merits and denying writ); *Survival Systems Division of the Whittaker Corp. v. United States District Court*, 825 F.2d 1416, 1418 & n. 1 (9th Cir.1987), *cert. denied*, 484 U.S. 1042, 108 S.Ct. 774, 98 L.Ed.2d 861 (1988) (same). We now turn to the merits of the Allens' claim to determine whether we should issue a writ.

The creditors in this case submitted a joint involuntary petition against the Allens. The clerk informed the creditors that this was improper, and the creditors instructed the clerk to cross Judith P. Allen's name off the petition. A summons was then served which specified only Kenneth C. Allen in its caption. Affirming the bankruptcy court's decision, the district judge concluded that the submission of the joint involuntary petition against the Allens was not a filing. We agree.

The district court was correct as a matter of law. We therefore decline to issue a writ of mandamus. *Cf. Land v. Deeds*, 878 F.2d 318 (9th Cir.1989) (court treated appeal from denial of bail pending decision on habeas claim as a petition for writ of mandamus, examined the merits, and denied the writ).

APPEAL DISMISSED AND WRIT DENIED.

GOODWIN, Chief Judge, concurring in part, dissenting in part:

I concur in the dismissal of this appeal for want of jurisdiction.

While the free legal advice that follows the mandamus discussion is not objectionable, I dissent from deciding a question that is not properly before us.