In re Tom RUBIN, dba Tom Rubin & Associates, Alleged Debtor.

BELO BROADCASTING, Teleco Indiana and Cox Broadcoasting Company, Petitioner-Creditors-Appellees,

v.

Tom RUBIN, dba Tom Rubin & Associates, Debtor-Appellant.

No. 81–5761.

United States Court of Appeals, Ninth Circuit.

Argued July 8, 1982.

Submitted July 20, 1982.

Decided Nov. 2, 1982.

Gary E. Klausner, Robinson, Wolas & Diamant, Los Angeles, Cal., for debtor-appellant.

Daniel Slate, Gendel, Raskoff, Shapiro & Quittner, Los Angeles, Cal., for petitioners-creditors-appellees.

Before ANDERSON, FERGUSON, and REINHARDT, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Rubin, the debtor in involuntary bankruptcy proceedings, appeals from the Order of the Bankruptcy Appellate Panel for the Ninth Circuit. The Appellate Panel reversed and remanded the Order of the Bankruptcy Court imposing sanctions against the creditors for failing to appear at their noticed depositions.

## I. FACTS

We recite only a brief statement of the factual nature of this case because our disposition is conclusively determined by its procedural posture. Appellees, as petitioning creditors, initiated an involuntary bankruptcy petition against Rubin in February 1981. On March 12, appellant filed a motion to dismiss the case and later that afternoon served notices of depositions that were to begin four days later in Pittsburgh and continue one per day thereafter. Counsel met on March 13 to discuss the deposition schedule, but the only agreement reached was to continue the March 16 depositions to allow the creditors to make an application for a protective order. The court ordered the depositions to proceed as scheduled, but limited the amount of documents to be produced.

Rubin's counsel filed a motion for sanctions since, after having left for Pittsburgh, he learned the deponents would not appear on March 17. At the hearing (creditors did not attend), the bankruptcy judge issued an order for sanctions against the creditors. The creditors filed an emergency motion to stay the bankruptcy court order and an application to appeal to the Bankruptcy Appellate Panel for the Ninth Circuit. The appellate panel granted the stay pending appeal as to the depositions in Los Angeles for March 19 and 20, and granted the motion for leave to file an interlocutory appeal.

The issue presented to the appellate panel was whether the bankruptcy judge had abused his discretion in ordering the creditors to pay attorneys' fees and costs incurred when Rubin's attorneys went to Pittsburgh, and for his attorneys presenting the motion for sanctions. The August 13 Memorandum decision reversed and remanded for a noticed hearing. The panel concluded the bankruptcy judge had exceeded the discretion accorded him in Federal Rule of Civil Procedure 37 because the creditors were not given adequate notice. The new hearing was to allow the court to determine if "the failure [to appear] was substantially justified or that other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2); Fed.R.Bankr.P. 737.

Rubin filed an appeal with this court on September 3.

## II. DISCUSSION

The only issue we address is whether jurisdiction exists for this court to consider

an appeal from a decision of a bankruptcy appellate panel of a bankruptcy court's interlocutory order. We conclude it does not exist and file this opinion to aid courts below.

### A. Appeals Generally

As a general rule, federal appeals can only be taken from final orders. 28 U.S.C. § 1291. Exceptions exist to this rule; two are statutory and two have developed in the cases. The statutory exceptions are for interlocutory orders granting or denying injunctions, 28 U.S.C. § 1292(a)(1), and for interlocutory orders certified by the district court as presenting a "controlling question of law" which resolved, "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

The case law exceptions are from the leading cases of *Forgay v. Conrad*, 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848), and *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *Forgay* permitted appeals from interlocutory orders that dispose of substantive rights if delay would result in irreparable injury. *See,* 9 Moore's Federal Practice ¶ 110.10 (2d ed. 1975). *Cohen,* on the other hand, framed an exception known as the "collateral order doctrine," permitting appeals from interlocutory orders that will not be merged into or lead to the final order in the case. *See,* 9 Moore's Federal Practice ¶ 110.10 (2d ed. 1975).

### B. Appeals from the Bankruptcy Court

Congress has acted to change provisions in the handling of bankruptcy cases

through the enactment of the Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, 92 Stat. 2549, *et seq.* (1978), codified at sections scattered in 11 U.S.C. and 28 U.S.C.[1] Appeals from the bankruptcy court may go to one of three courts: the district court, the bankruptcy appellate panel, or to the circuit court of appeals.[2] *See generally,* George, *The Bankruptcy Appellate Panels: An Unfinished Experiment,* B.Y.U.L.Rev. 205 (1982); 1 Collier on Bankruptcy ¶ 3.03 (15th ed. 1982). What type of appeal can be taken, where, and when, are controlled by the new provisions of the bankruptcy act. It is enough for this case to note the appeal to the appellate panel was proper since it was within the ten-day time period, Rules Bankr.Proc. Rule 802(a), was properly brought by an application for appeal (rather than a notice of appeal), 28 U.S.C. § 1482(b), and acted upon when the panel accepted the case by granting the application for interlocutory review.

### C. Appeals from Appeals

Congress provided for appeal to the courts of appeals directly from final judgments of the bankruptcy court, 28 U.S.C. § 1293(b); final judgments, orders, and decrees of the district court, 28 U.S.C. § 1293(b); and from appellate panels' "final decisions," 28 U.S.C. § 1293(a), and "final judgment, order, or decree," 28 U.S.C. § 1293(b).[3]

This appeal arises from an interlocutory discovery order of the bankruptcy judge regarding sanctions brought to the appel-

---

**1.** Though this statute does not have an effective date until April 1, 1984, during the four-year transition period Congress provided the appellate jurisdiction of the "district courts, the courts of appeals, and panels of bankruptcy judges [appellate panel] [to be] the same as the jurisdiction of such courts and panels granted under the amendments ...." Pub.L. 95–598, Title IV, § 405(c)(2), 92 Stat. 2685.

**2.** These appeals are governed by 28 U.S.C. §§ 1334(a) and (b), 1482(a) and (b), and 1293(b), respectively.

**3.** Section 1293 provides:

"(a) The courts of appeals shall have jurisdiction of appeals from all final decisions of panels designated under section 160(a) of this title.

(b) Notwithstanding section 1482 of this title, a court of appeals shall have jurisdiction of an appeal from a final judgment, order, or decree of an appellate panel created under section 160 or a District court of the United States or from a final judgment, order, or decree of a bankruptcy court of the United States if the parties to such appeal agree to a direct appeal to the court of appeals."

Added Pub.L. 95–598, Title II, § 236(a), Nov. 6, 1978, 92 Stat. 2667.

late panel. Such interlocutory appeals are proper upon leave of the appellate panel, 28 U.S.C. § 1482(b), and in districts where no appellate panel has been designated by the circuit council, to the district court, 28 U.S.C. § 1334(b).

The question before us is whether we have jurisdiction to hear the appeal from the appellate panel's decision on the interlocutory appeal from the bankruptcy court. The parties did not originally brief this issue;[4] however, we requested additional briefing.

There are no cases in any circuit discussing such a problem, but we conclude, based upon the purpose of the sections in question, cases discussing appeals from district courts, and commentaries, the better view is we lack jurisdiction. Standard principles of statutory construction are not of substantial assistance since it is not possible to read § 1293(a) and (b) to be internally consistent with other provisions of the act while at the same time interpreting the language in a way to give each a meaning.

With this fully in mind, and the fact the drafted section was changed with other sections as a compromise measure with no indication of intent included, 124 CONG. REC. H11,082 (daily ed. Sept. 28, 1978) and S17,405 (daily ed. Oct. 6, 1978), we construe § 1293(a) "final decisions" to mean the same as "final judgment" in § 1293(b). Accord, Levin, Bankruptcy Appeals, 58 N.C.L. Rev. 967, 987–90 (1980); Kennedy, The Bankruptcy Court Under the New Bankruptcy Law: Its Structure, Jurisdiction, Venue, and Procedure, 11 St. Mary's L.J. 251, 291–293 (1979); 1 Collier on Bankruptcy ¶ 3.03[7][d][v] n.250–258b and accompanying text.

We consider the alternative construction to be unwise, absent a clear expression from Congress. If we were to construe § 1293(a) "final decisions" to include appeals from interlocutory orders to the court of appeals from appellate panels, it would indeed work an unfair disadvantage on parties in a district where the circuit council had not acted to create appellate panels. Section 1293(b) dealing with appeals from the district court speaks only to appeals to the circuit from *final* judgments, decrees, or orders. In those districts, appeals from interlocutory judgments of the bankruptcy court would be prevented from going to the court of appeals, whereas the same issue in a district where appellate panels had been formed could be appealed to the circuit court for disposition.

Another approach, which we reject for the same reason, is, once the appellate panel accepts the appeal from an interlocutory order, that panel's resolution is its "final decision," appealable under § 1293(a). This argument has been discussed and rejected by both a court of appeals in a similar setting, and by a leading commentator. *Matter of Licek Potato Chip Co.,* 599 F.2d 181, 184 (7th Cir. 1979); and 1 Collier on Bankruptcy ¶ 3.03 n. 255–258 and accompanying text. Circuits addressing jurisdiction of the court of appeals from interlocutory judgments of the bankruptcy court to the district court have uniformly dismissed for lack of jurisdiction. *In re Regency Woods Apartments, Ltd.,* 686 F.2d 899 (11th Cir. 1982); *In re Callister,* 673 F.2d 305, 306 (10th Cir. 1982); *Matter of Kutner,* 656 F.2d 1107, 1110–11 (5th Cir. 1981), *cert. denied,* 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982) (appeal direct from interlocutory bankruptcy court order to circuit). *Universal Minerals, Inc. v. C.A. Hughes & Co.,* 669 F.2d 98, 101 (3d Cir. 1981), speaks to an appeal from the bankruptcy court that was final and hence is not contrary.

### III.  CONCLUSION

We conclude because the bankruptcy court's order concerned sanctions for discovery failures, by their very nature interlocutory, an appeal from the Bankruptcy Appellate Panel cannot be founded in 28

---

4.  Appellees' supplemental brief regarding appealability of the order, heretofore received, is ordered filed. We have considered it along with appellant's brief in response.

U.S.C. § 1293(a) nor (b), and hence we lack jurisdiction.[5]

Accordingly, the appeal in this case is DISMISSED.

---

5. For a discussion on the exclusive nature of jurisdiction involving bankruptcy matters in the sections above mentioned to the rejection of § 1292, *see Universal Minerals, supra,* .669 F.2d at 101 n.3.