**In re WESTWOOD SHAKE & SHINGLE, INC., Debtor.**

**SECURITY PACIFIC BANK WASHINGTON, formerly known as Rainier National Bank, Appellant,**

v.

**Robert D. STEINBERG, Trustee, Appellee.**

No. 91–35174.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 1992.

Decided July 30, 1992.

Armand J. Kornfeld, Culp, Guterson & Grader, Seattle, Wash., for appellant.

Chris R. Youtz, Sirianni & Youtz, Seattle, Wash., for appellee.

Before: ALARCON, RYMER, and T.G. NELSON, Circuit Judges.

ALARCON, Circuit Judge:

Security Pacific Bank Washington ("Security Pacific") appeals from the district court's affirmance of the bankruptcy court's order appointing the law firm of Sirianni & Youtz ("Sirianni") as special counsel to the trustee of debtor Westwood Shake & Shingle, Inc. ("Westwood") in the state court litigation instituted by Security Pacific against Westwood and its principals, Steven Yonich and Pamela Yonich.

Security Pacific seeks reversal on the ground that the record discloses a conflict of interest between Sirianni's duty to the trustee and Westwood's principals. We dismiss because we lack jurisdiction to consider an appeal from the district court's affirmance of an interlocutory order of the bankruptcy court.

## I.

### PERTINENT FACTS

On January 5, 1990, the bankruptcy court entered an order, pursuant to 11 U.S.C. § 327, approving the appointment of Sirianni as special counsel to represent Westwood's trustee in an action pending in state court. In the state court proceedings, Security Pacific is seeking damages from Westwood and its principals on their guarantee of a note. Westwood intends to file a counterclaim against Security Pacific seeking damages for bad faith and wrongful termination of credit. The Yoniches intend to file personal injury counterclaims seeking damages for slander.

Security Pacific objected to the appointment of Sirianni by the bankruptcy court to represent Westwood in the state court litigation because Sirianni already represented Steven and Pamela Yonich in that litigation. Security Pacific argued that the Yoniches and the trustee have adverse positions before the bankruptcy court. The trustee requested the appointment of the Sirianni firm because of its expertise in lender liability litigation and the mutuality of interest of Westwood and its principals in recovering damages from Security Pacific in the state court proceedings. The district court determined, however, that if set-

tlement negotiations were initiated in the state court proceeding, the conflict would become "overwhelming," and the parties would be required to obtain separate counsel.

Security Pacific timely appealed to this court. We requested the parties to brief the question whether this court has jurisdiction to review the order appointing counsel under 28 U.S.C. § 158(d).

## II.

## DISCUSSION

Security Pacific contends that we have jurisdiction over this appeal on two theories. First, Security Pacific argues that a more flexible standard of finality is used for bankruptcy appeals under 28 U.S.C. § 158(d) than the standard used for non-bankruptcy appeals under 28 U.S.C. § 1291. Alternatively, Security Pacific argues that the collateral order doctrine of *Cohen v. Beneficial Life* should apply to permit review of this appeal.

A. *Jurisdiction Over Appeals From Bankruptcy Court Orders Appointing Counsel*

■ This court has jurisdiction over final orders of the district courts reviewing bankruptcy court decisions. 28 U.S.C. § 158(d); *United States v. Technical Knockout Graphics (In re Technical Knockout Graphics)*, 833 F.2d 797, 800 (9th Cir.1987). The United States Court of Appeals do not have discretion to hear interlocutory appeals under section 158(d). *See Mason v. Integrity Ins. Co. (In re Mason)*, 709 F.2d 1313, 1315 & n. 1 (9th Cir.1983) (holding that interlocutory orders are not appealable to the court of appeals under 28 U.S.C. § 1293, the predecessor of 28 U.S.C. § 158(d)); *Suburban Bank v. Riggsby (Matter of Riggsby)*, 745 F.2d 1153, 1154–55 (7th Cir.1984) (concluding that section 158(d) had substantially the same provisions and effect as former section 1293 and therefore a district court's decision on an interlocutory appeal from a bankruptcy court was not final and therefore not appealable to the courts of appeal).

To determine whether a district court order is final, we must look to the nature of the underlying bankruptcy court order. *Foster Secs. Inc. v. Sandoz (In Re Delta Servs. Indus.)*, 782 F.2d 1267, 1268 (5th Cir.1986). If the underlying bankruptcy court order is interlocutory, so is the district court order affirming or reversing it. *See Belo Broadcasting v. Rubin (In re Rubin)*, 693 F.2d 73, 76 (9th Cir.1982) (district court decisions on interlocutory appeals from bankruptcy court are interlocutory orders under 28 U.S.C. § 1293); *Adams v. First Fin. Dev. Corp. (Matter of First Fin. Dev. Corp.)*, 960 F.2d 23, 25 (5th Cir.1992) (district court orders reviewing interlocutory orders from bankruptcy court are not final orders under 28 U.S.C. § 158(d)).

■ We must reject Security Pacific's argument that a more flexible, "pragmatic" standard of finality for appeals employed under section 158(d) permits us to exercise jurisdiction over an appeal from a district court's decision reviewing a bankruptcy court's appointment of counsel. Where the underlying bankruptcy court order involves the appointment or disqualification of counsel, courts have uniformly found that such orders are interlocutory even in the more flexible bankruptcy context. *Delta Servs. Indus.*, 782 F.2d at 1272 (discerning "no basis for granting greater appealability to orders denying motions to disqualify counsel in bankruptcy cases than … in ordinary civil cases"); *Intercontinental Enters., Inc. v. Keller (In re Blinder Robinson & Co.)*, 132 B.R. 759, 763 (D.Colo.1991) (disqualification of counsel order not final order); *Deutsche Credit Corp. v. Rosania (In re Nucor, Inc.)*, 118 B.R. 786, 788 (D.Colo.1990) (same). We are persuaded by the reasoning set forth in these decisions and hold that we lack jurisdiction under 28 U.S.C. § 158(d) to review a district court's affirmance of a bankruptcy court's interlocutory order concerning the appointment of counsel.

B. *Collateral Order Doctrine*

■ Alternatively, Security Pacific argues that this court may exercise jurisdiction over this appeal pursuant to the collat-

eral order doctrine. The collateral order doctrine enunciated in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), allows courts of appeals to treat orders that are interlocutory in nature as final under 28 U.S.C. § 1291 if three conditions are met. The order must (1) conclusively determine the disputed question, (2) resolve an important question completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978). The courts have applied the *Cohen* doctrine to orders involving the appointment or disqualification of counsel. *See Richardson–Merrell, Inc. v. Koller*, 472 U.S. 424, 440, 105 S.Ct. 2757, 2765, 86 L.Ed.2d 340 (1985) (both orders disqualifying counsel and orders denying motion to disqualify not collateral orders subject to appeal); *Foster Secs. Inc. v. Sandoz (In re Delta Servs. Indus.)*, 782 F.2d 1267, 1273 (5th Cir.1986) (order denying disqualification of counsel does not lend itself more readily to consideration than one granting disqualification). Doubts regarding appealability, however, are resolved in favor of finding that the interlocutory order is not appealable. *United States Trustee v. PHM Credit Corp. (Matter of PHM Credit Corp.)*, 99 B.R. 762, 765 (E.D.Mich.1989). In bankruptcy matters, the collateral order doctrine has been applied to determine the finality under 28 U.S.C. § 158(d) of bankruptcy court orders appointing counsel. *See e.g., Delta Servs. Indus.*, 782 F.2d at 1272–73 (order approving appointment of counsel for trustee unappealable under collateral order doctrine).

■ An order for the appointment of counsel does not meet the *Cohen* collateral order test for two reasons. First, such orders are not completely separate from the merits. This is so because "[o]nly after assessing ... the final judgment could an appellate court decide whether the client's rights had been prejudiced [by the appointment of counsel]." *Richardson–Merrell*, 472 U.S. at 439, 105 S.Ct. at 2765; *see also Delta Servs. Indus.*, 782 F.2d at 1272–73

(bankruptcy court's order appointing counsel required evaluation of merits of liquidation of debtor's estate, and thus did not satisfy second *Cohen* requirement).

Second, such orders are usually amenable to appellate review after a final judgment has been entered. *See e.g., Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 377–78, 101 S.Ct. 669, 675, 66 L.Ed.2d 571 (1981) ("opportunity for meaningful review will [not] perish" because circuit court can conclude after trial that continued representation was prejudicial and can vacate judgment).

■ Security Pacific contends, however, that because this case involves ongoing proceedings in both state and bankruptcy courts, it will not be able to obtain effective review of the bankruptcy court order at the conclusion of the state court litigation because the state court lacks jurisdiction to review orders of the bankruptcy court. Thus, Security Pacific argues, the unique circumstances involving the appointment of counsel in this matter meets the unreviewability test set forth in *Cohen*.

■ Security Pacific's contention is without merit. The bankruptcy court retains the power to remove Sirianni as special counsel in the state court litigation should conflict problems arise and Sirianni's representation of the trustee fails to conform to the disinterestedness standards of 11 U.S.C. § 327(a). *See In re Plaza Hotel Corp.*, 111 B.R. 882, 891 (Bankr. E.D.Cal.1990) (bankruptcy court exercised continuing supervisory role to revisit areas of potential conflict during pendency of case and disqualified appointed bankruptcy counsel for conflict of interest). The bankruptcy court may also waive Sirianni's fees under 11 U.S.C. § 328(c) if Sirianni's representation of the trustee does not comply with section 327(a). *See In re Martin*, 817 F.2d 175, 182–83 (1st Cir.1987) (if bankruptcy court finds conflict of interest, court may, *inter alia*, disqualify counsel or disallow professional fees); *In re Kendavis Indus. Int'l, Inc.*, 91 B.R. 742, 762 (Bankr. N.D.Tex.1988) (where attorney for debtor had interests adverse to estate, court re-

duced allowance of attorneys' fees). Thus, effective review of the order appointing Sirianni as special counsel is available through the bankruptcy court. *Cf. PHM Credit Corp.*, 99 B.R. at 764–66 (bankruptcy court's order appointing counsel not reviewable under collateral order doctrine because section 327 contained built-in safeguards, such as the fee waiver provisions of 11 U.S.C. § 328(c) which permits the bankruptcy court to waive fees for failure to comply with the standards of section 327 and the bankruptcy court's power to disqualify counsel employed under section 327); *In re Global Marine, Inc.*, 108 B.R. 1009, 1011 (S.D.Tex.1988) (where potential conflict existed because of joint representation of debtor and its parent and subsidiaries, order denying attorney disqualification motion did not fall under *Cohen* exception because of "bankruptcy judge's continuing close supervision"); *Johns–Manville Corp. v. Committee of Asbestos–Related Litigants (In re Johns–Manville Corp.)*, 32 B.R. 728, 731 (S.D.N.Y.1983) (section 327 orders are preliminary, rather than conclusive, determinations that do not fall within *Cohen* exception because they are reviewed in connection with section 330 fee applications and thus reviewable on appeal). We conclude that a bankruptcy court's order appointing counsel is not "final" under the *Cohen* collateral order doctrine.

Because the bankruptcy court order appointing Sirianni as special counsel to the trustee under 11 U.S.C. § 327 was interlocutory, the district court's affirmance of that order was also interlocutory. We lack jurisdiction over this appeal pursuant to 28 U.S.C. § 158(d). Accordingly, the appeal in this case is DISMISSED.