8 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re BUTLER INDUSTRIES, INC., Debtor.
Herbert WOLAS, Plaintiff-Appellant,
NATIONAL ASSOCIATION, National Association of Bankruptcy
Trustees, Amicus.
 No. 90-55758.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1993.*
Decided Oct. 15, 1993.
 
 1
 FLETCHER and D.W. NELSON, Circuit Judges, and WILL,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant Herbert Wolas, the Chapter 7 trustee for the estate of Butler Industries, appeals the district court's order affirming the bankruptcy court's order denying his application to employ his law firm. Wolas seeks reversal on the grounds that the bankruptcy court's determination that a trustee must show "cause" in order to employ the trustee's law firm to represent the estate sets a higher standard for representation by such a firm than is required by the Bankruptcy Code. See 11 U.S.C. §§ 327(a) & 327(d). We dismiss because we lack jurisdiction to consider an appeal from the district court's affirmance of an interlocutory order of the bankruptcy court.
 
 BACKGROUND
 
 4
 Appellant, Herbert Wolas, is the trustee for an estate in bankruptcy. On April 4, 1989, in his capacity as trustee, Wolas applied to the bankruptcy court, requesting that the law firm of Wolas, Soref & Ickowicz, in which he is a partner, be appointed as legal counsel for the estate. The bankruptcy court denied the motion, stating that a trustee must show "cause" to justify the appointment of his law firm as counsel under § 327(d) of the bankruptcy code. In re Butler Industries, 101 B.R. 194, 197 (Bankr.C.D.Cal.1989).
 
 
 5
 Wolas contends that the right of a trustee to select counsel of his choice is granted by statute, provided that the selection is in the "best interests" of the estate. Wolas argues that because the largest secured and unsecured creditors approve the selection of counsel, the counsel selected must be in the best interests of the estate. Wolas also contends that the bankruptcy court's holding that a trustee must show "cause" in order to employ the trustee's law firm sets a higher standard for representation by such a firm than is required by the bankruptcy code. On appeal, the district court affirmed the bankruptcy court's order. Wolas timely appealed to this court.
 
 
 6
 We requested the appellant to brief the question of whether this court has jurisdiction to review the order denying appointment of counsel in light of this court's decision in Security Pac. Bank Washington v. Steinberg (In re Westwood Shake & Shingle, Inc.), 971 F.2d 387 (9th Cir.1992).
 
 DISCUSSION
 
 7
 Wolas contends that we have jurisdiction over this appeal on two theories. First, Wolas argues that under the standard of finality used for bankruptcy appeals, 28 U.S.C. § 158(d), the denial of counsel is a final judgment. Alternatively, Wolas argues that the collateral order doctrine of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949), permits review in this case.
 
 
 8
 A. Jurisdiction Over Appeals From Bankruptcy Court Orders That Deny Appointment of Counsel
 
 
 9
 This court has jurisdiction over final orders of the district court reviewing bankruptcy court decisions. 28 U.S.C. § 158(d); United States v. Technical Knockout Graphics ( In re Technical Knockout Graphics), 833 F.2d 797, 800 (9th Cir.1987). However, we do not have discretion to hear interlocutory appeals under § 158(d). Security Pac. Bank Washington, 971 F.2d at 389. In this case, to determine whether the district court's order is final, we must look to the nature of the underlying bankruptcy court order. Id.; Foster Secs., Inc. v. Sandoz ( In re Delta Servs. Indus.), 782 F.2d 1267, 1268 (5th Cir.1986). If the underlying bankruptcy court order is interlocutory, the district court order affirming or reversing it is also interlocutory. Security Pac. Bank Washington, 971 F.2d at 389; see also Belo Broadcasting v. Rubin ( In re Rubin ), 693 F.2d 73, 76 (9th Cir.1982) (district court decisions on interlocutory appeals from bankruptcy court are interlocutory orders under 28 U.S.C. § 1293, the predecessor of § 158(d)).
 
 
 10
 In Security Pac. Bank Washington, this court found that "[w]here the underlying bankruptcy court order involves the appointment or disqualification of counsel, ... courts have uniformly found that such orders are interlocutory even in the more flexible bankruptcy context." 971 F.2d at 389 (citations omitted). We further held that "we lack jurisdiction under 28 U.S.C. § 158(d) to review a district court's affirmance of a bankruptcy court's interlocutory order concerning the appointment of counsel." Id.
 
 
 11
 Wolas seeks to distinguish Security Pac. Bank Washington, arguing that the underlying facts in that case involved an order appointing counsel, while this case involves an order denying the appointment of counsel. Wolas argues that when the court appoints counsel, the court has continuing supervision over the counsel; in contrast, denial of the appointment of counsel is more final because the court never has the opportunity to reconsider the issue. See also Foster Secs., 782 F.2d at 1271 (finding bankruptcy court order appointing interim trustee to be interlocutory and noting that if the bankruptcy judge finds the trustee to have interests adverse to the estate, the court may always reconsider its decision).
 
 
 12
 This distinction is not persuasive for our purposes. In Security Pac. Bank Washington, we clearly considered both the appointment and the disqualification of counsel, and held that all orders "concerning the appointment of counsel" are interlocutory. 971 F.2d at 389; see also Intercontinental Enters., Inc. v. Keller ( In re Blinder Robinson & Co.), 132 B.R. 759, 763 (D.Colo.1991) (disqualification of counsel is not a final order); In re Sharpe, 98 B.R. 337, 339 (N.D.Ill.1989) (same). Moreover, just as the bankruptcy court may disqualify counsel later in the proceedings, it also may consider a new motion to appoint counsel. We are bound by the precedent of this court in Security Pac. Bank Washington and find that we lack jurisdiction under 28 U.S.C. § 158(d) to review this claim.[1]
 
 B. Collateral Order Doctrine
 
 13
 Alternatively, Wolas argues that this court may exercise jurisdiction over this appeal pursuant to the collateral order doctrine. The collateral order doctrine enunciated in Cohen, 337 U.S. 541, allows courts of appeals to treat orders that are interlocutory in nature as final under 28 U.S.C. § 1291 if three conditions are met. The order must (1) conclusively determine the disputed question, (2) resolve an important question completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from final judgment. Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978).
 
 
 14
 The Supreme Court has applied the Cohen factors to deny review to orders involving the appointment or disqualification of counsel. See Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 440 (1985) (both orders disqualifying counsel and orders denying motion to disqualify not collateral orders subject to appeal).
 
 
 15
 In Security Pac. Bank Washington, we held that an order appointing counsel does not meet the standard set by Cohen for two reasons. First, these orders are not separate from the merits: " 'only after assessing ... the final judgment could an appellate court decide whether the client's rights had been prejudiced.' " 971 F.2d at 390 (citing Richardson-Merrell, 482 U.S. at 439). Second, such orders "are usually amenable to appellate review after a final judgment has been entered." Id.
 
 
 16
 We see no reason to conclude that an order denying appointment of counsel is more readily separable from the merits of the case than one that appoints counsel. See Foster Secs., 782 F.2d at 1273 (order denying disqualification of counsel does not lend itself more readily to consideration apart from the merits than one granting disqualification). Similarly, orders denying counsel are equally amenable to appellate review after final judgment as are orders appointing counsel. See Richardson-Merrell, 472 U.S. at 431.
 
 
 17
 For these reasons, we conclude that a bankruptcy court's order declining to appoint counsel is not final under the Cohen collateral order doctrine.
 
 
 18
 Because the district court order refusing to appoint as counsel the law firm of Wolas, Soref & Ickowicz was interlocutory, the district court's affirmance of that order was also interlocutory. We lack jurisdiction over this appeal pursuant to 28 U.S.C. § 158(d). Accordingly, the appeal in this case is DISMISSED.
 
 
 
 *
 Appellant, Herbert Wolas, elected not to argue
 
 
 **
 Honorable Hubert L. Will, Senior United States District Judge for the Northern District of Illinois, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Supreme Court has also declined to distinguish between orders appointing counsel and those denying counsel, and has found that an order disqualifying counsel is an interlocutory order in both the civil and the criminal context. See Richardson-Merrell v. Koller, 472 U.S. 424, 430 (1984) (stating that "[a]n order disqualifying counsel in a civil case is not a final judgment" and immediate appellate review is only appropriate if the collateral order doctrine applies); Flanagan v. United States, 465 U.S. 259 (1984) (pretrial orders disqualifying counsel in criminal cases are not subject to immediate appeal); Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 377 (1971) (order refusing to disqualify counsel in civil case is not subject to immediate appeal)