17 F.3d 398
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re Jerome F. VALENTA, Debtor.
Jerome F. VALENTA, Plaintiff-Appellant,
v.
Donald W. HENRY, Trustee; Joseph Valenta, Trustee for
Valenta Family Trust, Defendants-Appellees.
 No. 93-55030.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 10, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerome F. Valenta, a California state prisoner, appeals pro se the district court's order affirming the bankruptcy court's denial of Valenta's motion for court-appointed counsel. We dismiss this appeal for lack of jurisdiction.
 
 
 3
 Although neither party has addressed the question, "we are required to raise issues concerning our jurisdiction sua sponte." McGuckin v. Smith, 974 F.2d 1050, 1052 (9th Cir.1992). This court has jurisdiction over final orders of the district courts reviewing bankruptcy court decisions. 28 U.S.C. Sec. 158(d); Security Pac. Bank Washington v. Steinberg (In re Westwood Shake & Shingle, Inc.), 971 F.2d 387, 389 (9th Cir.1992). However, "[t]he United States Court[s] of Appeals do not have jurisdiction to hear interlocutory appeals under section 158(d)." Id. "If the underlying bankruptcy court order is interlocutory, so is the district court order affirming or reversing it." Id. "Where the underlying bankruptcy court order involves the appointment or disqualification of counsel, courts have uniformly found that such orders are interlocutory even in the more flexible bankruptcy context." Id.
 
 
 4
 Here, the bankruptcy court's order denying Valenta's motion for appointment of counsel was interlocutory. See id. Thus, the district court's affirmance of that order was also interlocutory. See id. Moreover, the district court's order is not appealable under the collateral order doctrine set forth in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). See In re Westwood Shake & Shingle, Inc., 971 F.2d at 391. Therefore, we lack jurisdiction over this appeal.[1]
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Valenta also contends that the district court erred by denying his motion to proceed in forma pauperis on appeal and certifying his appeal as frivolous. Because we hold that we lack subject-matter jurisdiction over this appeal, we do not address this issue