53 F.3d 341
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re VENTURA PORT DISTRICT, Debtor,
VENTURA GROUP VENTURES, INC., Plaintiff-Appellant,
v.
VENTURA PORT DISTRICT, Defendant-Appellee.
 No. 94-55239.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 27, 1995.
 
 Appeal from the United States District Court, for the Central District of California, D. C. No. CV-93-06960-AWT; A. Wallace Tashima, District Judge, Presiding.
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ventura Group Ventures ("VGV") appeals the district court's dismissal of its appeal from a bankruptcy court decision denying VGV's motion to dismiss the Chapter 9 bankruptcy petition of debtor Ventura Port District. We dismiss for lack of jurisdiction.
 
 
 3
 This court has jurisdiction over final orders of the district court reviewing bankruptcy court decisions. 28 U.S.C. Sec. 158(d); United States v. Technical Knockout Graphics, Inc. (In re Technical Knockout Graphics, Inc.), 833 F.2d 797, 800 (9th Cir. 1987). However, this court does not have discretion to hear interlocutory appeals under section 158(d). Security Pac. Bank v. Washington v. Steinberg (In re Westwood Shake & Shingle, Inc.), 971 F.2d 387, 389 (9th Cir. 1992). In this case we must first look to the nature of the underlying bankruptcy court order. Id. If the underlying bankruptcy court decision is interlocutory, the district court order affirming or reversing it is also interlocutory. Id.; Allen v. Old National Bank of Washington (In re Allen), 896 F.2d 416, 418 (9th Cir. 1990). Here, the bankruptcy court's decision denying VGV's motion to dismiss is interlocutory. See Dunkley v. Rega Properties, Ltd. (In re Rega Properties, Ltd.), 894 F.2d 1136, 1138-39 (9th Cir.), cert. denied, 498 U.S. 898 (1990); Farber v. 405 N. Bedford Dr. Corp. (In re 405 N. Bedford Dr. Corp.), 778 F.2d 1374, 1379 (9th Cir. 1985).
 
 
 4
 Therefore, we lack jurisdiction over this appeal. See In re Westwood Shake & Shingle, Inc., 971 F.2d at 389.
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3