78 F.3d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Errol J. DAVIDSON, Debtor.
Linda L. CHEW, Appellee,
v.
Errol J. DAVIDSON, Appellant.
 No. 95-15527.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 4, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Debtor Errol J. Davidson appeals pro se the Bankruptcy Appellate Panel's ("BAP") order reversing the bankruptcy court and holding that creditor Linda L. Chew was entitled to a judgment that Davidson's debt to her was nondischargeable pursuant to 11 U.S.C. § 523. We dismiss for lack of jurisdiction.
 
 
 3
 This court has jurisdiction over final orders of the bankruptcy appellate panel reviewing bankruptcy court decisions. 28 U.S.C. § 158(d); see also United States v. Technical Knockout Graphics, Inc. (In re Technical Knockout Graphics, Inc.), 833 F.2d 797, 800 (9th Cir.1987). However, this court does not have discretion to hear interlocutory appeals under section 158(d). Security Pac. Bank Washington v. Steinberg (In re Westwood Shake & Shingle, Inc.), 971 F.2d 387, 389 (9th Cir.1992).
 
 
 4
 In this case we must first look to the nature of the underlying bankruptcy court order. Id. If the underlying bankruptcy court decision is interlocutory, the BAP order affirming or reversing it is also interlocutory. Id.; Allen v. Old National Bank of Washington (In re Allen), 896 F.2d 416, 418 (9th Cir.1990) (per curiam). Here, the bankruptcy court's decision denying Chew's motion for summary judgment is interlocutory. See Jones-Hamilton v. Beazer Materials & Services, 973 F.2d 688, 693-94 (9th Cir.1992) (noting that order denying summary judgment is generally not a final order, and is therefore not appealable).
 
 
 5
 Accordingly, we dismiss this appeal for lack of jurisdiction. See In re Westwood Shake & Shingle, Inc., 971 F.2d at 389.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3