162 F.3d 1230
 33 Bankr.Ct.Dec. 779, 98 Cal. Daily Op. Serv. 9160,
98 Daily Journal D.A.R. 12,827,
3 Cal. Bankr. Ct. Rep. 40
 In re S.S. RETAIL STORES CORPORATION, a California
corporation, Debtor.
Linda Ekstrom STANLEY, United States Trustee, Region 17, Appellant,
v.
S.S. Retail Stores Corporation; Official Unsecured
Creditors Committee, Appellees.
 No. 97-17004.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Dec. 9, 1998.[1]
Decided Dec. 17, 1998.
 
 Mark L. Pope, Office of Trustee, Oakland, CA; Jacob M. Lewis and Daniel L. Kaplan, Asst. U.S. Attorney, Washington, D.C., for appellant.
 Jonathan M. Landers, Gibson, Dunn & Crutcher, San Francisco, CA, for appellees.
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel; Hagen, Ryan, and Ollason, Bankruptcy Judges, Presiding. BAP No. NC-96-01679-HaRyOl.
 Before: PREGERSON, WIGGINS, and BRUNETTI, Circuit Judges.
 PER CURIAM:
 
 
 1
 The United States Trustee appeals an order from the Bankruptcy Appellate Panel ("BAP") for the Ninth Circuit affirming the bankruptcy court's order authorizing appointment of Gibson, Dunn, and Crutcher, LP as general counsel for S.S. Retail Stores, a debtor-in-possession. The U.S. Trustee claims that appointment was improper because Gibson, Dunn is not a disinterested person as required by 11 U.S.C. § 327(a) given that one of its partners had recently served as an officer of S.S. Retail and was therefore not disinterested. We dismiss this appeal for lack of jurisdiction.
 
 I.
 
 2
 In May of 1996, S.S. Retail filed for a Chapter 11 bankruptcy and at the same time, sought authorization from the bankruptcy court to employ Gibson, Dunn as its general counsel in the bankruptcy case pursuant to section 327(a) of the Bankruptcy Code. 11 U.S.C. § 327(a). The United States Trustee filed an objection to the application to employ Gibson, Dunn on the ground that, because one of its partners was an interested party and therefore ineligible to serve as general counsel under § 327(a), the Bankruptcy Code prohibited the entire firm from serving as general counsel. After two hearings, the bankruptcy court approved the employment of Gibson, Dunn.
 
 
 3
 The U.S. Trustee appealed the bankruptcy court's order to the BAP. The BAP affirmed the bankruptcy court's order, finding that the applicable sections of the bankruptcy code did not provide for a per se rule of extending an attorney's disqualification to his entire firm. The U.S. Trustee appealed.
 
 II.
 
 4
 This court has jurisdiction to hear appeals from "all final decisions, judgments, orders, and decrees" entered by a district court or a bankruptcy appellate panel on appeal from a bankruptcy court. 28 U.S.C. § 158(d). This court, however, does not have discretion to hear interlocutory appeals. See King v. Stanton, 766 F.2d 1283, 1285 n. 3 (9th Cir.1985); In re Pizza of Hawaii, Inc., 761 F.2d 1374, 1378 (9th Cir.1985). Thus, we can only consider the propriety of the BAP's affirmance of the bankruptcy court's order approving the appointment of counsel if such an order was a final order. In making the determination, we must focus on the nature of the bankruptcy court's order. If that decision was not a final order, then the BAP's order also lacks finality. Security Pacific Bank Washington v. Steinberg (In re Westwood Shake ), 971 F.2d 387 (9th Cir.1992).
 
 
 5
 The U.S. Trustee avers that we have jurisdiction over this appeal because, under the flexible standard of finality used for bankruptcy appeals under 28 U.S.C. § 158(d), the bankruptcy court's order approving employment of a law firm as general counsel pursuant to § 327(a) is a final order. Precedent of this court, however, compels us to reject this argument. We have previously decided that "we lack jurisdiction under 28 U.S.C. § 158(d) to review a [lower] court's affirmance of a bankruptcy court's interlocutory order concerning the appointment of counsel." Westwood Shake, 971 F.2d at 389.
 
 
 6
 The U.S. Trustee argues that Westwood Shake does not control this case because the underlying facts in that case involved an order approving appointment of special counsel pursuant to § 327(e), whereas this case involves the employment of general counsel pursuant to § 327(a). This distinction, however, does not affect the finality of the bankruptcy court's order. As the Seventh Circuit noted In re Devlieg, Inc.:
 
 
 7
 [t]he only difference between the two subsections is the scope of the retention. Section 327(a) governs retention of counsel to handle the entire bankruptcy proceeding for the debtor, section 327(e) the retention of counsel to handle specific matters. Since the retention is narrower under the latter section, the requirement of disinterestedness which appears in both sections, is more easily satisfied. But the difference is not related to the considerations bearing on appealability. In either case we have a law firm retained to represent the bankrupt estate in just the same way that a law firm is retained to represent an ordinary person or firm and might be challenged as having a conflict of interest. The decisions that deny the appealability of orders disqualifying or refusing to disqualify counsel in ordinary civil cases retains their force.
 
 
 8
 56 F.3d 32, 34 (7th Cir.1995); see also In re Continental Investment Corp., 637 F.2d 1, 4 (1st Cir.1980) (finding that order denying disqualification of counsel motion in bankruptcy case was not a final order).
 
 
 9
 Because the bankruptcy court's order approving the appointment of Gibson, Dunn as general counsel to S.S. Retail under 11 U.S.C. § 327(a) was not a final order, this court does not have jurisdiction pursuant to 28 U.S.C. § 158(d) to decide this matter.
 
 
 10
 The appeal is DISMISSED for want of jurisdiction.
 
 
 
 [1]
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4