ORDER
 

 Because the bankruptcy court’s denial of Educational Credit’s motion to dismiss was an interlocutory order, this court lacks jurisdiction to consider the appeal from the district court’s order affirming that decision.
 
 See Stanley v. S.S. Retail Stores Corp. (In re S.S. Retail Stores Corp.),
 
 162 F.3d 1230, 1232 (9th Cir.1998), and
 
 Belo Broad. v. Rubin (In re Rubin),
 
 693 F.2d 73, 74 (9th Cir.1982). The Opinion filed on August 1, 2008 is vacated and the case is remanded for the limited purpose of allowing the district court to determine whether to certify this issue for appeal under 28 U.S.C. § 1292(b).
 
 See, e.g., Goodson v.
 
 
 *1169
 

 Rowland, (In re Pintlar Corp.),
 
 133 F.3d 1141, 1143 (9th Cir.1998);
 
 Koehler v. Bank of Bermuda Ltd.,
 
 101 F.3d 863, 864 (2d Cir.1996) (purpose of 1292(b) is to allow the Court of Appeals to “rule on ... ephemeral questions] of law that m[ight] disappear in the light of a complete and final record.”).
 

 If the district court determines that certification is appropriate, we will construe the previously filed notice of appeal in this docket as a timely request for permission to appeal pursuant to Fed. R.App. P. 5. Upon issuance of the district court’s ruling on remand, we will determine whether to dismiss this appeal for lack of jurisdiction or to grant permission to file the interlocutory appeal.
 

 SO ORDERED.